■ KENNETH E. RAINE, as Trustee of the Television Film Agreements of 1951, 1954 and 1959 with American Broadcasting Company, Inc., Columbia Broadcasting System, Inc. and National Broadcasting Company, Inc., and Another, Appellant-Respondent, v VIACOM INTERNATIONAL INC., Respondent-Appellant, et al., Defendant. [638 NYS2d 81] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 26, 1995, which dismissed plaintiff's action as against defendant Viacom International during a non-jury trial, unanimously affirmed, without costs.

This is an action for film royalties. Viacom is the alleged third-generation successor-in-interest to the obligations of New Rochelle Music Recording Studios, Inc., which was an "original signatory" to the Hollywood Film Trust Agreement in 1955. New Rochelle had owned the rights to a number of cartoons produced by its affiliate, Terrytoons, Inc., including 72 episodes of "Heckle & Jeckle", which were allegedly covered under the Trust Agreement and telecast during 1966-1971. Also at issue are royalties claimed on 37 feature-length films licensed by Viacom. On Viacom's pre-trial motion for summary judgment, dismissal of a prior royalty action against CBS, Viacom's immediate predecessor, was held not to preclude the instant action because the factual identity of the two cases had not been demonstrated.

Viacom conceded that it was the successor to the *assets* of New Rochelle, but not to its *obligations* under the Trust Agreement, because Viacom's immediate predecessor-in-interest, CBS Films, Inc., had never formally assumed such obligations when it acquired and liquidated New Rochelle's stock in 1965. In any event, this action was properly dismissed at the close of plaintiff's case because plaintiff failed to offer sufficient proof (*Royal Ins. Co. v Mercy Hosp.*, 204 AD2d 219) that any of the films in question were specifically covered under the Trust Agreement. We need not reach Viacom's anticipated defense that the case was limited by prior stipulation to the 72 "Heckle & Jeckle" cartoons on which settlement had already been reached.

The trial court, in settling judgment, correctly dismissed plaintiff's claims without prejudice, because the disposition was based on lack of evidence which might become available at some point in the future (*Roland v Hubbard*, 36 AD2d 599). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.